# NOS. 12-14-00074-CR
## 12-14-00075-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER SCOTT ROYER,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Walter Scott Royer appeals his convictions for obstruction or retaliation and assault on a public servant. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with obstruction or retaliation and assault on a public servant. He pleaded "guilty" to both charges and was placed on five years of deferred adjudication community supervision. Later, the State filed a motion to proceed with adjudication, alleging that Appellant had violated the terms of his community supervision. After a contested revocation hearing, the trial court found certain allegations in each case to be true, adjudicated Appellant's guilt, and assessed his punishment at imprisonment for eight years and a fine of $2,000.00 in each case. This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Counsel relates that, pursuant to the responsibilities and requirements of the governing code of professional conduct, he has thoroughly reviewed the record in these cases. Counsel further relates that his research revealed no arguable, nonfrivolous grounds for reversal in the trial, judgment, or sentence. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the case, and contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1] We have considered counsel's brief and conducted our own independent review of the record. ***Id.*** at 811. We have found no reversible error.

**Conclusion**

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and the judgments of the trial court are ***affirmed***.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

---

[1] Counsel for Appellant has certified that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in these causes. The time for filing such a brief has expired, and we have not received a pro se brief.

Opinion delivered March 25, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2015**

**NO. 12-14-00074-CR**

**WALTER SCOTT ROYER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0177-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH , 2015

NO. 12-14-00075-CR

**WALTER SCOTT ROYER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0178-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*